## STASO LAMINATED SLATE CO. v. STOWELL MFG. CO.

(Circuit Court of Appeals, Third Circuit. February 28, 1922. Rehearing Denied May 10, 1922.)

No. 2743.

1. Patents ⬡35—Commercial success not always indicative of invention.

Commercial success, though often indicative of invention, is not always so, as it may be due to other causes.

2. Patents ⬡328—1,007,146, for prepared roofing, held anticipated.

The Schroder patent No. 1,007,146, for a prepared roofing with a protective coating of crushed slate applied by rolling, *held* invalid, because anticipated.

Appeal from the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Suit by the Staso Laminated Slate Company against the Stowell Manufacturing Company. From a decree for defendant, plaintiff appeals. Affirmed.

Charles Neave and Charles C. Gillson, both of New York City, for appellant.

J. Edgar Bull and George F. Scull, both of New York City, for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

DAVIS, Circuit Judge. This is an appeal from the District Court, holding patent No. 1,007,146, issued to Edward J. Schroder, October 31, 1911, and owned by the complainant, invalid. The patent is for a prepared roofing, which consists of a body portion having a coating of adhesive waterproofing material, such as asphalt, and an outer protective coating of crushed slate. The alleged novelty in this patent is two-fold: Material and method of application—crushed slate, applied by rolling in contact with an adhesive coating of asphalt. Ground slate had been used in the John's patent (1872) No. 125,574. Crushed slate is superior to other kinds of slate and material, it is claimed, because slate laminates when crushed and the laminae when rolled and pressed together match and overlap one another so as completely to cover the asphalt coating and give a smooth surface and uniform color which cannot be obtained with a gravel, sand or other crystalline covering. This result cannot be secured, it is contended, by the use of ground or powdered slate because it has no laminae to match and overlap one another.

[1] The enterprise of the patentee and his assignee was commercially successful. The roofing has been applied in large quantities, both in the form of sheets or roll roofing and shingles. Commercial success is often indicative of invention, but it is not always so for it may be due to other causes. The disclosures of the patent, however, seem patentable and the patent is valid unless anticipated.

[2] The defendant in its answer alleges that the patent is invalid because Edward J. Schroder was not the original and first inventor; that A. C. Hall was the inventor of substantially the construction described and claimed in the patent which had been in public use or on sale in the United States more than two years before the application for the Schroder patent.

The defendant refers to the roofing called "slateoid," manufactured by the Trinidad Asphalt Manufacturing Company of St. Louis. This word was registered as a trade-mark by the company July 27, 1906. It appears by undisputed evidence that Mr. A. C. Hall was employed by the Staso Mills, or Staso Milling Company, of Boston, Mass., as its superintendent from March, 1906, until some time in 1913. That company in March, 1906, was manufacturing slate dust which was used in making paint and linoleum. This dust had to be screened, and it occurred to Hall that the larger screenings would make a good material for roofing. He sent samples to various roof manufacturers, among whom was the Trinidad Asphalt Manufacturing Company. It approved the material and ordered two carloads.

The factory of the Staso Company was thereupon equipped for crushing slate ordered by the Trinidad Company. Eight carloads were

shipped to that company. The Staso Company called the material "torpedo slate." The Trinidad Company made and sent samples of "slateoid" to the Staso Company, and these samples were, Hall testified, like the material manufactured by the complainant and submitted to him at the trial. By original records the Trinidad Company showed that it manufactured and sold 9,394 squares of "slateoid" before September 9, 1908, which was two years before the application for the Schroder patent. A "square" is 100 square feet. This was enough, according to the uncontradicted testimony, to cover 1,657 average sized houses.

On March 21, 1907, Frank W. Torpening, secretary and treasurer of the Trinidad Company, filed an application for a patent on the "slateoid" roofing made by that company. In his specification he said:

"After the bond layers have been applied to the body sheet I apply to the bond layer which is to be at the upper side of the roofing sheet when in use, for instance, the bond layer 2, a surfacing 4 of crushed slate which is imbedded into the bond layer and packed firmly therein by a rolling operation."

Claim 2 contains:

"A roofing sheet comprising a pliable body, a nonhardening bond applied to said body, and a layer of crushed slate imbedded in said compound, substantially as set forth."

This application was rejected by the Patent Office on the ground that the substitution of crushed slate for other material did not constitute invention. We have in this application, filed 3½ years before the Schroder application, the identical material, crushed slate, applied in identically the same way, by rolling. These facts are undisputed and seem to be undisputable.

Complainant disposes of the Trinidad Roofing by saying that it was only an experiment and a complete failure; that its manufacture was abandoned, and therefore it should not be held as an anticipation. We think that these conclusions are not a reasonable interpretation of the evidence. Substantially the same roofing was successfully manufactured, out of the same material, by the same method as described in the Schroder patent, more than two years before his application. We agree with the conclusion of the learned judge of the District Court that the patent was anticipated and is invalid.

The decree of that court is accordingly affirmed.